## MONTGOMERY WARD EMPLOYEES' ASS'N v. RETAIL CLERKS INTERNATIONAL PROTECTIVE ASS'N, LOCAL NO. 47 et al.

### No. 16197.

District Court, N. D. California, S. D.

April 25, 1941.

Rank & Putnam, of Oakland, Cal., for plaintiff.

Mathew O. Tobriner, of San Francisco, Cal., for defendants.

James F. Galliano, of Oakland, Cal., for defendants.

ROCHE, District Judge.

Plaintiff, Montgomery Ward Employees' Association, hereafter called the Association, seeks an injunction against Montgomery Ward & Company, hereafter called the Company, from "bargaining or negotiating" with defendants Warehousemen's

Union Local #853, hereafter called the Warehousemen's Union, or Retail Clerks International Protective Association Local #47, hereafter called the Retail Clerks Union, concerning "wages, hours or other conditions of employment of any employee of said defendants". (Complaint, par. 1, prayer.) The complaint also asks the Court to enjoin these unions from picketing the Company, boycotting it, placing it on the "We Don't Patronize" list or declaring it unfair to organized labor.

Defendant unions' motion to dismiss brings this matter before the Court. Briefly, the complaint alleges that prior to December 4, 1940, the Company negotiated with the Retail Clerks or Warehousemen's Union; that these Unions demanded of the Company a collective bargaining contract covering wages, hours and working conditions; that upon failure of these negotiations the defendant unions on December 5, 1940, ordered a strike, and in connection therewith, set up a picket line in front of the Company's place of business and placed the Company on the "We Don't Patronize" list. The complaint further alleges "that the Association was organized on the 21st day of January, 1941" (more than a month after the strike began), and that on February 13, 1941, the Association filed a "petition for investigation and certification of representatives pursuant to Section 9(c) of the National Labor Relations Act [29 U.S.C.A. § 159(c)]". (Complaint, p. 5, line 16.)

Upon the theory "that the Board has the sole and exclusive power to determine the appropriate unit for representation; that by and under the terms and provisions of said Act it is unlawful for the Company to bargain with a labor organization that does not represent a majority of its employees" (Complaint, p. 4, line 26), plaintiff Association asks that the Warehousemen's and Retail Clerks' Unions be enjoined from the acts which the prayer seeks to prohibit.

The Court granted defendants' motion to dismiss; but since the complaint raises an issue of considerable importance, the Court believes a statement of the reasons for the decision may be helpful.

Plaintiff's claim for an injunction is based upon the theory that the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., endows plaintiff with rights in a court of equity. It assumes that the filing of the petition for certification creates in plaintiff a right to prohibit activities that otherwise would be lawful. The Court, however, finds that the National Labor Relations Act sets up its own procedure for the establishment of a proper bargaining unit and the determination of the union within that unit which represents a majority of the employees. That procedure includes the holding of a public hearing to determine the unit, and a subsequent election to ascertain the choice of the workers. The Act's procedure is carefully constructed to meet the particular need which it is to fulfill. Indeed, plaintiff recognizes this fact by stating in its complaint that the Board is given exclusive power to determine the appropriate unit and to ascertain the organization that represents a majority of the employees.

If this Court were to inject itself into the present controversy, it would seize powers of the National Labor Relations Board. If plaintiff organization won the right to prevent picketing or any otherwise lawful activities of a labor organization, by reason of the filing of the petition, the Court, in granting those rights to such organization must accept its contention that it represents some, if not a majority, of the Company's employees. It must also assume the defendant organizations do not represent a majority of the employees. It is in fact asked to enjoin these organizations from attempting to bargain with the employer, although the unions are so entitled unless and until it is found they do not represent a majority of the employees. Yet, it is the Board, not the Court, which must determine this question. The very issue which the Board resolves is this matter of representation. The Court is not empowered to determine it.

The ruling which plaintiff seeks would impede rather than promote the collective bargaining process. To bestow upon plaintiff organization these requested powers would sanction it as a bargaining agency, possessed of the right to prevent picketing, prior to the determination of the Board as to which organization does represent the employees. If such a consequence followed the filing of a petition with the Board, the right to picket, boycott or even to urge membership in a labor organization would be dissolved in any case in which an employer or rival organization filed a petition with the Board. The National Labor Relations Act does not permit courts to establish rights prior to the

determination of the National Labor Relations Board.

Decided cases support this reasoning. The claim now urged by plaintiff as to the right to prohibit picketing based upon the National Labor Relations Act has been rejected by the Supreme Court. Thus in Fur Workers Union Local No. 72 v. Fur Workers Union No. 21238, 1939, 70 App. D.C. 122, 105 F.2d 1, the Court of Appeals for the District of Columbia refused to accept the contention that plaintiff union could prohibit picketing by a rival union because plaintiff possessed such a "right" under the National Labor Relations Act. The Supreme Court affirmed in a per curiam decision, 1939, 308 U.S. 522, 60 S.Ct. 292, 84 L.Ed. 443, citing Lauf v. Shinner & Co., 1938, 303 U.S. 323, 58 S.Ct. 578, 82 L.Ed. 872; New Negro Alliance v. Sanitary Grocery Co., 1938, 303 U.S. 552, 553, 58 S.Ct. 703, 82 L.Ed. 1012, and calling attention to Senn v. Tile Layers Protective Union, 1937, 301 U.S. 468, 57 S.Ct. 857, 81 L.Ed. 1229. To the same effect are Blankenship v. Kurfman, 7 Cir., 1938, 96 F.2d 450, and Lund v. Woodenware Workers Union, D.C., 1937, 19 F.Supp. 607.

The Court is aware that Union Premier Food Stores v. Retail C. and M. Union, etc., 3 Cir., 1938, 98 F.2d 821, reaches a difference conclusion. But this decision is distinguished in the Fur Workers case, above, and the latter decision was affirmed by the Supreme Court.

This Court is likewise convinced that a decision for plaintiff would deny to defendant unions their constitutional right of freedom of speech. Const. Amend. 1. Peaceful picketing is a method of campaign which a union may employ to win converts to its cause in the forthcoming election. To make this means illegal would prevent the full development and exercise of the right of selection of the bargaining agency, which is the basic concept of the Act. See American Federation of Labor v. Swing, 1941, 61 S.Ct. 568, 85 L.Ed. ——; Thornhill v. Alabama, 1940, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093; Carlson v. People of California, 1940, 310 U.S. 106, 60 S.Ct. 746, 84 L.Ed. 1104.

The Court believes that the above reasoning disposes of the complaint. There is an additional argument against its validity that may be found in the cited cases. The Norris-LaGuardia Act, 47 Stat. 70, 29 U.S.C.A. § 101 et seq., protects against judicial interference with peaceful persuasion by labor unions. Plaintiff attempts to construe the National Labor Relations Act as an amendment to the Norris-LaGuardia Act. Yet the language of the former statute would give no indication that such was its intent.

This Court holds that the Association fails to set out a cause of action against negotiation for a contract, peaceful picketing or boycotting by the Retail Clerks and the Warehousemen's Unions with respect to the Company on the ground that the Association has filed a petition for certification with the National Labor Relations Board.